**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GWENDOLYN HALL,               )
                                )
              Plaintiff,      )
                                )     Civil Action No. 1:23-cv-01908 (CRC)
      v.                     )
                                )
CHRIS WRAY,                )
                                )
              Defendant.     )

**<u>MEMORANDUM OPINION</u>**

Plaintiff initiated this civil action in the Superior Court of the District of Columbia, and on June 30, 2023, defendant removed the action. This matter is before the Court on its initial review of plaintiff's *pro se* amended complaint (ECF No. 1-1). The Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which permits dismissal of a case "at any time" if the Court determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff

1

allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  The instant complaint satisfies this standard.

Plaintiff's amended complaint is, in a word, nonsense.  Its three short paragraphs allege that an unidentified individual exchanged sex for marijuana, that another unidentified individual befriended the Mexican Mafia, and that a box of evidence was stolen from a post office in Sarasota, Florida, but do not manage to allege coherent facts supporting an actual legal claim.  Because the pleading is frivolous on its face, it will be dismissed without prejudice.  An Order is issued separately.


DATE: July 7, 2023

CHRISTOPHER R. COOPER
United States District Judge